**Marjana GJOLAJ, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 04–4317–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 23, 2006.

S. Gjoni, New York, New York, for Petitioner.

David Nahmias, United States Attorney for the Northern District of Georgia; Sharon D. Stokes, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 23rd day of February, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marjana Gjolaj petitions for review of the July 2004 order of the Board of Immigration Appeals ("BIA") dismissing her appeal of the order of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and CAT relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As a preliminary matter, Gjolaj has waived her CAT claim by failing to discuss that claim in her present brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

This Court reviews the factual findings of the BIA under the substantial evidence standard, under which "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole," but reviews questions of law and mixed questions of law and fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003) (internal quotations and citations omitted).

■ Gjolaj's brief to the BIA did not address the IJ's conclusion that she had failed to demonstrate by clear and convincing evidence that her asylum application had been filed within a year of her arrival in the United States, as required by 8 U.S.C. § 1158(a)(2)(B). Accordingly, the BIA properly found that Gjolaj had waived this issue on appeal, and thus that her appeal could be dismissed on this ground. Moreover, because Gjolaj failed to exhaust this argument by failing to raise it in her BIA appellate brief, she may not raise it in her present petition for review. *See Theodoropoulos v. Immigration and Naturalization Service,* 313 F.3d 732, 736 (2d Cir. 2002) ("[t]he doctrine of exhaustion of administrative remedies requires a party to pursue all possible relief within the deciding agency before seeking federal judicial review of an unfavorable administrative decision"), *citing Howell v. Immigration and Naturalization Service,* 72 F.3d 288, 291 (2d Cir.1995).

Because the BIA dismissed her appeal without discussing her withholding of removal claim, this Court will review the IJ's finding on this claim directly. *See Twum*

**162**

*v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court gives the IJ's credibility determinations "the same deference on review as other factual determinations," but the IJ must give "specific, cogent" reasons for rejecting testimony on credibility grounds. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177–78 (2d Cir.2004). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. Ashcroft,* 232 F.3d 279, 288 (2d Cir.2000).

█ The IJ gave specific and cogent reasons for his conclusion that Gjolaj's testimony lacked credibility, including her submission of documents which the consulate had been unable to authenticate, her failure to remember the names of the candidates in an election in which she had actively participated, her inability to describe her experiences in the airports in Budapest and the United States, and the inconsistency between her statement that she had planned to ask for asylum at the airport and her brother-in-law's statement that he had persuaded her to apply some months after her arrival. Although Gjolaj contends that these conclusions were incorrect, she has not shown that the IJ's adverse credibility finding was unsupported by the record.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).